# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **CHASE HOME FINANCE, LLC,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 11-CV-199-WDS |
| | ) | |
| **PATRICIA PUCKETT,** | ) | |
| **LLOYD PUCKETT,** | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| **UNKNOWN OWNERS, and** | ) | |
| **NONRECORD CLAIMANTS,** | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

**STIEHL, District Judge:**

Before the Court is a motion to dismiss defendant United States of America and remand to state court filed by plaintiff Chase Home Finance, LLC, on June 22, 2011 (Doc. 14). The United States has responded and does not oppose the motion (Doc. 15). The other named defendants have not entered their appearance.

Plaintiff originally filed this foreclosure action in the Circuit Court of the Second Judicial Circuit, Franklin County, Illinois, case no. 11-CH-16, naming the United States as a defendant. The United States Internal Revenue Service had recorded a tax lien on the property. Thus the United States removed to this Court under 28 U.S.C. §§ 1441(c), 1442(a), and 1444 (Doc. 2). The Court has original jurisdiction of the matter. *See* 28 U.S.C. § 1331.

Plaintiff has since paid the United States' tax lien and is not pursuing any claims against the United States. It therefore seeks a court order to dismiss an action against a single defendant under

Federal Rule of Civil Procedure 41(a)(2). (Since the United States has already answered the complaint, plaintiff is unable to seek dismissal without a court order under Rule 41(a)(i).) The United States does not object to its dismissal. It has released its lien and has no further interest in the property (Doc. 15, Ex. 1).

Dismissal of the United States appears proper even without a court order because a "plaintiff may dismiss an action without a court order by filing . . . a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(ii). The United States' response, together with plaintiff's motion, amounts to a stipulation of dismissal signed by all parties who have appeared.

Plaintiff also moves to remand this action to the Circuit Court of the Second Judicial Circuit, Franklin County, Illinois. Plaintiff asserts "it is axiomatic that, when all claims in a case that afforded a basis for federal subject matter jurisdiction have been dismissed before trial, any remaining state-law claims should be dismissed or remanded to state court." *Futch v. AIG, Inc.*, 2007 WL 1752200, at *1 (S.D. Ill. 2007).

The United States' presence in this suit was the basis for original jurisdiction, and the Court now maintains supplemental jurisdiction under 28 U.S.C. § 1367(a). A district court may decline to exercise supplemental jurisdiction over remaining state claims once the "court has dismissed all claims over which it has original jurisdiction." § 1367(c)(3). In deciding whether to decline supplemental jurisdiction over remaining claims, the court should consider judicial economy, convenience, fairness, and comity. *Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1251 (7th Cir. 1994). As a general rule, however, when all federal claims have been dismissed before trial, the court should decline to exercise jurisdiction over the remaining state claims. *Williams v. Rodriguez*, 509 F.3d 392, 404 (7th Cir. 2007); *Wright*, 29 F.3d at 1252. Three exceptions to the general rule are when

(1) the state claims are barred by statute of limitations, (2) substantial judicial resources have already been expended on the state claims, and (3) it is clearly apparent how the state claim is to be decided. *Williams*, 509 F.3d at 404. First, a statute of limitations is not an issue here. Second, the Court has not expended substantial resources. It is still early in this case and the other defendants have not appeared. Third, it is not clearly apparent based on this Court's decisions how the state claims will be decided. *See Williams*, 509 F.3d at 404 (the court's reasoning as to § 1983 claims did not reach issues dispositive of the state claims); *Sellars v. City of Gary*, 453 F.3d 848, 852 (7th Cir. 2006) ("If the district court, in deciding a federal claim, decides an issue dispositive of a pendent claim, there is no use leaving the latter to the state court." (quoting *Rothman v. Emory Univ.*, 123 F.3d 446, 454 (7th Cir. 1997)). Thus the exceptions to the general rule are not present. Accordingly, the Court declines to exercise jurisdiction over the remaining state claims.

For the foregoing reasons, the Court hereby **GRANTS** plaintiff's motion (Doc. 14). Defendant United States of America is **DISMISSED** and this action is **REMANDED** to the Circuit Court for the Second Judicial Circuit, Franklin County, Illinois.

**IT IS SO ORDERED.**

**DATED:  August 8, 2011**

                                        /s/   **WILLIAM D. STIEHL**
                                                     **DISTRICT JUDGE**